UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JAMES F. OSTERBUR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 10-2257 |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In November 2010, Plaintiff James Osterbur filed a complaint (#1) against Defendants United States of America, the United States Internal Revenue Service, the Solicitor General, the Attorney General, and President Barack Obama.

Also in November 2010, Defendant United States of America filed a Motion to Dismiss Defendant United States of America as Party Defendant (#6). Plaintiff filed a Response (#13). Subsequently, Defendant filed Defendant's Motion to Correct Headings, Clarify Relief Sought By and Representation Of the Named Defendants (#24). This motion, which the Court has granted, clarifies that the present motion to dismiss (#6) is brought by all defendants. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C § 636(b)(1)(B), that Defendant's Motion to Dismiss Defendant United States of America as Party Defendant **(#6)** be **GRANTED**.

### I. Background

Plaintiff, a pro se litigant, brings a complaint against the United States, indicating that employees of the United States have failed to do their jobs and uphold the Constitution. Plaintiff has filed at least two similar claims in recent years (Case No. 07-2040; Case No. 10-2055). He states that he has not paid his 2005 taxes as a way to gain access to the courts to bring this

complaint. Plaintiff repeatedly makes reference to unspecified Constitutional violations. Plaintiff makes unspecified demands for "redress of grievances" and "compliance with the Constitution."

In its motion to dismiss, Defendant argues that dismissal is warranted for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), failure to state a concise valid claim for relief in violation of FED. R. CIV. P. 8(a)(2), failure to establish a valid waiver of sovereign immunity as required by law, and failure to vest this Court with subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading

standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. Discussion

A plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, such statements must be supported by plausible factual allegations. *Tamayo*, 526 F.3d at 1083. When making determinations as to plausibility, a court may rely on judicial experience and common sense. *Cooney*, 583 F.3d at 971. In the case of pro se litigants, courts are required to liberally construe their claims. *Marshall*, 445 F.3d at 969. A court must also be mindful, however, that it should not allow defendants to be subjected to "paranoid pro se litigation . . . alleging . . . a vast, encompassing conspiracy" unless plaintiff meets a "high standard of plausibility." *Cooney*, 583 F.3d at 971; *see also Walton v. Walker*, 364 F.App'x. 256, 258 (7th Cir. 2010) (unpublished). Furthermore, a district court is entitled to draw upon its familiarity with a plaintiff's prior meritless litigation to conclude that a complaint consists only of naked assertions and delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Walton*, 364 F.App'x. at 258.

Here, Plaintiff's complaint demonstrates no coherent claim or request for relief. The following excerpt illustrates Plaintiff's reliance on threadbare recitation of constitutional violations, and demonstrates the Court's difficulty in finding Plaintiff's claims to be plausible:

> *WHY DO I OWE THIS MONEY* [referring to Plaintiff's unpaid taxes]/ *when you the employee failed to do your job; and in fact STOLE my money/ STOLE my time in confronting you, and demanding and preparing for court/ STOLE my citizens guaranteed rights, through a courtroom/ DENIED my foundation rights to DUE PROCESS, which were by no legal means carried out, within a courtroom. Threatened every aspect of "the money/ economy" with an out of control banking and wall street gambling industries; stealing the money from we the people with lies! THREATENING NOT ONLY MY NATION; BUT MY WORLD WITH THE ABSOLUTE ARROGANCE AND CONTEMPT OF PEOPLE WHO BELIEVE THEY ARE SO DAMN SMART, they are entitled to play gods/ entitled to literally and without restraint GAMBLE WITH OUR*

*WHOLE PLANET/ THE NATURE WE MUST HAVE TO SURVIVE: THEREBY, EVERY LIFE ON THIS WORLD!*

(#1, p. 6-7).

The Court concludes that a complaint such as this does not constitute a short and plain statement indicating the Plaintiff is entitled to relief. Even with the liberal construction that this court must employ in considering claims of a pro se litigant, the Court concludes that plaintiff has failed to state a claim for which relief may be granted.

Defendant makes additional arguments concerning sovereign immunity and subject matter jurisdiction. To a certain extent, both of these argument presuppose that Plaintiff has otherwise stated a claim for relief. Specifically, Defendant states that to the extent Plaintiff's complaint may be construed as seeking an injunction prohibiting the collection of his federal taxes, this Court lacks subject matter jurisdiction over such a claim. Because the Court has already concluded that Plaintiff fails to state a claim for which relief can be granted, the Court does not reach these arguments.

## IV. Summary

For the reasons stated above, this Court recommends that Defendant's Motion to Dismiss Defendant United States of America as Party Defendant **(#6)** be **GRANTED**. The Court further notes that, in light of Defendant's subsequent motion to correct headings (#24), this Court recommends dismissing this action as to all defendants.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 15th day of March, 2011.

                                                                       s/ DAVID G. BERNTHAL
                                                                       U.S. MAGISTRATE JUDGE